**Jo MINOR, Plaintiff–Appellant,**

v.

**PRUDENTIAL SECURITIES, INC. and Patrice Mackie, Defendants–Appellees.**

No. 96–1180.

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1996.

Decided Sept. 4, 1996.

Henry F. Field, Chicago, IL, for Plaintiff-Appellant.

Theodore J. Low, Darren B. Watts, Robert P. Bramnik, Susan J. Magar, William F. Tueting, Altheimer & Gray, Chicago, IL, for Defendants-Appellees.

Before BAUER, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff, Jo Minor, filed a motion in district court to vacate an arbitration decision pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. The arbitrator had ruled in favor of defendants, Prudential Securities and broker Patrice Mackie (collectively "Prudential") on Minor's various claims arising from a series of stock investments. The district court dismissed her motion to vacate for lack of subject matter jurisdiction. We affirm.

## I.

In November of 1991, Prudential made a series of stock investments for Minor. Minor claims that Prudential misrepresented to her that certain of these investments were "safe," when in reality they were very high risk. Minor also claims that while she was a Prudential customer, Prudential effected at least one unauthorized trade in her account and forged her signature on a customer agreement. Minor maintains that as a result of these acts, she lost $17,797.86. In order to recover her losses, Minor filed a claim in arbitration before the National Association of Securities Dealers, Inc. ("NASD"). Minor and Prudential were subject to a pre-dispute arbitration agreement, contained in Minor's securities account agreement with Prudential. Minor's complaint consisted of nine counts: 1) breach of fiduciary relations; 2) breach of contract; 3) fraud; 4) constructive fraud; 5) lack of due care in performing a contract; 6) a violation of the Illinois Securities Act; 7) a violation of the Securities Act of 1934; 8) use of racketeering income to operate an enterprise, in violation of 18

U.S.C. § 1962(a); and 9) indirect participation in the conduct of a racketeering enterprise's affairs, in violation of 18 U.S.C. § 1962(c).

Arbitration hearings were held in December of 1994 and January of 1995. In the midst of the proceedings, a discovery dispute arose concerning one of Prudential's handwriting experts. Minor alleged that Prudential was attempting to conceal a negative report by switching their handwriting expert one day prior to the hearing. The Chairman of the Arbitration Panel held a conference on the issue and determined that Minor was entitled to a copy of the previous expert's report, but not to all of the materials surrounding the hiring of the two experts, as Minor had requested. At the conclusion of the hearing, the Arbitration Panel first found that Minor had withdrawn her RICO claims and then entered an award denying each of Minor's remaining claims. Displeased with the decision, Minor requested a statement of reasons from the Panel. On April 18, 1995, the Panel provided Minor with such a statement.

Minor then proceeded to file her "Motion to Vacate Arbitration Award" in the district court, pursuant to § 10 of the FAA. 9 U.S.C. § 10. In her motion, Minor claims that the arbitration award should be vacated because 1) it was procured by "corruption, fraud, or undue means," 2) the panel refused to hear evidence pertinent and material to the controversy, 3) there was "evident partiality" in the panel, and 4) the award was imperfectly executed because the panel wrongly stated that she had withdrawn her RICO counts. The district court dismissed the motion, finding a lack of subject matter jurisdiction, as the parties are not diverse and the motion to vacate presents no federal question.

## II.

It is now well established that § 10 of the FAA does not constitute a grant of subject matter jurisdiction.[1] There must be an

---

**1.** Section 10(a) of the FAA provides:

In any of the following cases the United States court in and for the district wherein the

award was made may make an order vacating the award upon the application of any party to the arbitration—

independent basis of federal jurisdiction before a district court can entertain a motion to vacate under that section. *See Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 882, 883–84 (9th Cir.1993); *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 257 (6th Cir.1994); *Harry Hoffman Printing v. Graphic Communications, Local 261,* 912 F.2d 608, 611 (2d Cir.1990); *Giangrande v. Shearson Lehman/E.F. Hutton,* 803 F.Supp. 464, 466 (D.Mass.1992). The petitioning party must demonstrate that diversity or federal question jurisdiction exists. This follows from several Supreme Court cases, which have explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.... [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction ... [for] enforcement of the Act is left in large part to the state courts.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 941–42 n. 32, 74 L.Ed.2d 765 (1983) (internal citations omitted); *see also Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction...."). Thus the fact that Minor relies on the standards of review set forth in § 10 of the FAA to bring her motion to vacate is insufficient to establish federal court jurisdiction.

■■■ In this case, Minor attempts to invoke federal question jurisdiction, as it is undisputed that no diversity of citizenship exists between the parties. It is standard learning that federal question jurisdiction arises only when the complaint standing alone "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983); *see also Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974) (federal question "must be disclosed upon the face of the complaint, unaided by the answer"). Looking to the face of Minor's motion to vacate, Minor asserts that federal jurisdiction is firmly grounded on the Securities Exchange Act of 1934 and on RICO. However, mere incantation of a federal statute does not confer jurisdiction; rather the dispute must actually involve a "substantial question of federal law." *See Franchise Tax Bd.,* 463 U.S. at 28, 103 S.Ct. at 2856; *Ford,* 29 F.3d at 258. It is clear that Minor's motion to vacate on the grounds of fraud, corruption, undue means, evident partiality, and failure to consider pertinent and material evidence, does not require the resolution of any federal issue, let alone a "substantial question of federal law." In addressing Minor's motion, the district court would not be called upon to decide any issue of federal law, whether related to the Securities Act or RICO. Minor's motion essentially alleges a claim of fraud in the discovery process. Minor failed to raise any federal question before the district court, and the court therefore lacked subject matter jurisdiction over the motion to vacate.

Minor quarrels with this analysis, arguing that we should look not to her motion to vacate for a jurisdictional ground, but rather to the underlying dispute in arbitration, which clearly involves claims under the Secu-

---

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

rities Act and RICO.[2]  She basically asserts two justifications for this position.  First, Minor maintains that if we restrict our search for jurisdiction to the actual motion in federal court, we will create a "topsy-turvy universe" in which claimants who have asserted violations of federal rights are "relegated" to state court for post-arbitration proceedings, while claimants who have asserted state law violations who happen to satisfy diversity requirements are afforded a post-arbitration federal forum.  This would be a strong argument if in fact Minor had asserted a violation of federal law and we were directing her to state court.  But since § 10 of the FAA does not create a federal issue, Minor has essentially come to district court only with a claim of fraud, which is generally entrusted to state court unless the parties are diverse.  Thus our approach is consistent with the normal state of the jurisdictional universe.  If Minor's motion to vacate somehow involved the resolution of her federal claims or some question of federal law, then under the preceding analysis the district court would have jurisdiction.

Minor also asserts that the federal character of the underlying claims is sufficient to establish jurisdiction for purposes of § 10 because it is a sufficient jurisdictional basis for purposes of § 4 of the FAA:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration *may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties,* for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added).  Minor therefore argues that it would be inconsistent and anomalous for parties to be able to obtain a motion to compel from a district court, based on the federal nature of the underlying dispute, but not be able to seek a motion to vacate or confirm (9 U.S.C. § 9) on the same basis.

The text of § 4 does appear to confer jurisdiction on federal courts to issue motions to compel in cases where the court would have jurisdiction over the underlying claims; and the Supreme Court has used language that could be interpreted as implying the same: "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...."  *Moses H. Cone,* 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32.  A strong body of caselaw has developed, however, holding that the nature of the underlying dispute is irrelevant for purposes of subject matter jurisdiction, even on a motion to compel under § 4, i.e., the *motion* itself must invoke diversity or federal question jurisdiction.  *See Prudential–Bache Securities, Inc. v. Fitch,* 966 F.2d 981, 986–88 (5th Cir. 1992); *Drexel Burnham Lambert, Inc. v. Valenzuela Bock,* 696 F.Supp. 957, 960–64 (S.D.N.Y.1988); *Klein v. Drexel Burnham Lambert, Inc.,* 737 F.Supp. 319, 322–24 (E.D.Pa.1990); *Kaplan v. Dean Witter Reynolds, Inc.,* 896 F.Supp. 1219, 1220 (S.D.Fla. 1995); *In re Prudential Securities, Inc.,* 795 F.Supp. 657, 660–62 (S.D.N.Y.1992); *Giangrande v. Shearson Lehman/E.F. Hutton,* 803 F.Supp. 464, 469–73 (D.Mass.1992).  We need not decide whether federal question jurisdiction for purposes of a motion to compel under § 4 can be derived from the underlying dispute in order to resolve this case, because even assuming that this is so, we conclude that this result does not impact our analysis of motions to vacate under § 10.

The language giving rise to the argument that an underlying federal question is sufficient for federal jurisdiction under § 4 is absent from § 10.  Section 10 does not state that a party "may petition any United States district court which, save for [the arbitration] agreement, would have jurisdiction under Title 28," to vacate an arbitration award.  And

---

**2.**  We note that the other circuit courts to consider federal jurisdiction in connection with motions to vacate under § 10 have not directly addressed the impact of an underlying federal question claim.  In *Garrett,* 7 F.3d at 883, and *Ford,* 29 F.3d at 258–59, the underlying complaints were based on state law.  The *Ford* court did note, however, that "[e]ven if a violation of federal securities law had been claimed to be involved in some way, jurisdiction to vacate the arbitration award would not necessarily have existed."  *Id.* at 259 n. 5.

we see no reason to artificially import the language into § 10, since we do not believe it is necessarily anomalous for Congress to have intended that federal courts take jurisdiction for purposes of a motion to compel where the underlying dispute is federal, but not take jurisdiction on a parallel motion to vacate. The primary purpose of the Arbitration Act was "to reverse the centuries of judicial hostility to arbitration agreements, by plac[ing] arbitration agreements upon the same footing as other contracts." *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 225–26, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987) (quoting *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 510, 94 S.Ct. 2449, 2452–53, 41 L.Ed.2d 270 (1974)). The central federal interest was enforcement of agreements to arbitrate, not review of arbitration decisions. Thus it would be reasonable for Congress to give federal courts the responsibility of ensuring arbitration agreements are upheld in cases where the courts would otherwise have jurisdiction. However, once the arbitration agreement is enforced, there exists no compelling need for the federal courts to be involved, unless a federal question is actually at issue or diversity is established. The central goal of the FAA will already have been addressed, and well-established rules of federal jurisdiction, including the well-pleaded complaint rule, should govern. Accordingly, merely because a district court may have jurisdiction over a motion to compel arbitration where an underlying federal question is at stake (an issue we do not decide today) does not mean the same holds true in the context of a § 10 motion to vacate. We simply hold that a district court has subject matter jurisdiction over a petition to vacate an arbitration award pursuant to 9 U.S.C. § 10 only where diversity of citizenship exists or the motion discloses a federal question on its face.[3]

For the foregoing reasons we AFFIRM the district court's dismissal of Minor's motion to vacate.

---

**3.** We note that dicta in our opinion in *Comprehensive Accounting Corp. v. Rudell,* 760 F.2d 138, 140 (7th Cir.1985), is not to the contrary, as in that case jurisdiction over the motion to confirm under § 9 was necessarily based on diversity of citizenship.