101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael WELSH, Plaintiff-Appellant,
v.
EXCEL TELECOMMUNICATIONS and Patricia Seimears, Defendants-Appellees.
 No. 96-2306.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 13, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Michael Welsh alleges he was swindled by the defendant, Excel Telecommunications, Inc. ("Excel") when John Wiley and Larry Patchett, sales representatives for Excel, told Welsh that sales positions were available with Excel. According to Welsh, he paid $195.00 to buy a franchise but received none of the training and support he was promised. In addition, Welsh states that he was forced to sign an IOU for $398.00 in expenses incurred on a November 1994 sales trip which, according to Welsh, Excel was to have paid for. Any and all legal responsibility for Welsh's complaints was disclaimed by Excel through a letter from Patricia Seimears, a consumer relations analyst with Excel, and also named as a defendant. The district court granted the defendants' motion to dismiss under 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal and subject matter jurisdiction and for failure to state a claim.
 
 
 2
 In his appellate brief, Welsh states that the issues in this appeal are "the initial Court's decision to recognize diversity jurisdiction in this matter" and "whether or not Plaintiff sufficiently stated a claim in the original suit" under Federal Rule of Civil Procedure 12(b)(6). Yet the full text of Welsh's argument on appeal is as follows:
 
 
 3
 Defendants are fully aware of the Plaintiff's situation, and know fully well that individuals who act in their name are and should be governed by them at the corporate headquarters level. However, Defendants continue to deny any responsibility for actions by agents acting in their name--even when such actions, as in this case, cause great financial and emotional distress to Plaintiff.
 
 
 4
 Pl.Br. at 3.
 
 
 5
 Welsh's appeal fails to comply with Rule 28(a)(6) of the Federal Rules of Appellate Procedure which states that the appellant's "argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(6). Welsh in no way addresses the jurisdictional ground for the district court's dismissal of his complaint and provides no legal basis as to why the district court's opinion should be overturned. It is not the task of this court to research and formulate legal arguments for appellants. Tyler v. Runyon, 70 F.3d 458, 466 (7th Cir.1995) (citations omitted) ("This court has no duty to research and construct legal arguments available to a party."); Ehrhart v. Secretary of Health and Human Serv., 969 F.2d 534, 537 n. 5 (7th Cir.1992) ("[C]ompelling the court to take up a burdensome and fruitless scavenger hunt for arguments is a drain on its time and resources.").
 
 
 6
 However, even if we were to address the district court's dismissal of the case on the merits, we would affirm because the court did not possess subject matter jurisdiction to hear the case. No federal question jurisdiction can be ascertained based on the assertions in the plaintiff's complaint. Welsh's complaint states that he is seeking relief under "Intentional Tort, U.S.C. Sections 1346 and 2671 et. seq." Welsh, however, did not provide the title of the United States Code to which he is referring nor does his recitation of the facts provide any indication of the federal claims he is asserting. The district court assumed that he was attempting to state a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 and properly found that federal subject matter jurisdiction over the action did not exist because the United States is not a defendant. The plaintiff did not dispute this characterization of his claim on appeal and a brief review of the named sections under other titles provides no indication of what Welsh's federal claim might be. As stated above, however, it is not our job to ferret out legal arguments for the plaintiff, and so we must conclude that federal question jurisdiction does not exist. Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir.1996) ("It is standard learning that federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' ") (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).
 
 
 7
 The only possible alternative jurisdictional basis over Welsh's suit would be diversity of citizenship. 28 U.S.C. § 1332. Diversity jurisdiction requires that the amount in controversy exceed the sum or value of $50,000 and that complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332. The district court dismissed Welsh's claim, finding that diversity jurisdiction did not exist because, even viewing it in a light most favorable to the plaintiff, the claim did not realistically reach the $50,000 threshold level. We review a dismissal for lack of subject matter jurisdiction de novo. Anthony v. Security Pacific Fin. Serv., Inc., 75 F.3d 311, 315 (7th Cir.1996). We defer, however, to the district court with respect to jurisdictional factual issues in a Rule 12(b)(1) motion, which we review for an abuse of discretion. Id. Assuming, here, that the parties are citizens of different states, we next determine whether the amount in controversy exceeds $50,000. Welsh's prayer for relief in his complaint seeks "actual monetary [sic] losses" and punitive damages in the amount of $5 million dollars from each defendant. As far as we can tell from the complaint, actual monetary losses suffered by Welsh amount to approximately $593.00.[1] Thus, in order for the claim to reach the jurisdictional amount, the plaintiff must rely upon a recovery of punitive damages.[2]
 
 
 8
 "Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.' " Anthony, 75 F.3d at 315 (quoting Cadek v. Great Lakes Dragaway, Inc., 58 F.3d 1209, 1212 (7th Cir.1995) (citation omitted)). Even assuming that the plaintiff has asserted a claim under state law, and assuming that he has alleged conduct egregious enough to warrant the imposition of punitive damages (which it does not appears that he has), the plaintiff would have to obtain a punitive damage recovery in excess of 80 times his alleged compensatory damages of approximately $600.00 in order to meet the $50,000 threshold. Such a recovery would no doubt be excessive and "fails the straight face test in view of the facts and claims pleaded in this case." Anthony, 75 F.3d at 318 (finding no federal diversity jurisdiction where a punitive damage recovery which constitutes nearly 95% of the $50,000 necessary for diversity led the court to "conclude to a legal certainty that plaintiffs could not receive damages exceeding $50,000"). Furthermore, the plaintiff has failed to provide any "competent proof" that the claim meets the jurisdictional amount. Anthony, 75 F.3d at 315 (in cases where the defendant disputes the plaintiff's allegations of the amount in controversy, the plaintiff must provide " 'proof to a reasonable probability that jurisdiction exists' ") (citations omitted). Welsh has failed to provide any proof at all that the conduct by the defendants would rise to the level sufficient to warrant punitive damages.
 
 
 9
 We affirm dismissal of this case on the grounds that Welsh failed to demonstrate any legal basis for his appeal. Even if he had, however, we would affirm the district court's dismissal for lack of subject matter jurisdiction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 $195.00 to purchase the franchise rights and $398.00 incurred on a business trip for which one of Excel's employees allegedly forced Welsh to sign an IOU (attached to complaint). While Welsh makes reference to certain other costs he has incurred, for example, additional costs related to home health care for his mother while gone on the November, 1994 trip, Welsh has failed to provide any amounts for these costs
 
 
 [2]
 Although the defendants argued in their motion to dismiss that plaintiff had failed to meet the $50,000 requirement and it was, in part, the basis for the district court's dismissal, the plaintiff fails to address the issue at any point in his pleadings