Matt **KASAP**, Appellant,

v.

**FOLGER NOLAN FLEMING & DOUGLAS, INC., et al., Appellees.**

No. 98–7082.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 8, 1999.

Decided Feb. 12, 1999.

---

John P. Connolly argued the cause for appellant. With him on the briefs was Harold Richard Mayberry, Jr.

Thomas O. Barnett argued the cause for appellees. With him on the brief was Mitchell F. Dolin.

Before: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge SILBERMAN.

SILBERMAN, Circuit Judge:

Appellant seeks reversal of the district court's decision dismissing his application to vacate an arbitration decision for lack of subject matter jurisdiction. We agree with the district court that it had no jurisdiction to consider appellant's application and affirm the dismissal.

## I.

Matt Kasap is an experienced investor who maintained a nondiscretionary margin account with appellee Folger Nolan Fleming & Douglas, Inc. Appellee Joseph E. Anderson, a Folger Nolan employee, was the registered representative for appellant's account. After Kasap lost what he estimated to be nearly one half million dollars in the account during a period of market decline in 1996, he filed a statement of claim with the National Association of Securities Dealers pursuant to his agreement with appellees to submit such a dispute to arbitration. He contended that appellees falsely represented the amount of his margin debit and account equity and failed to make adequate disclosures regarding his margin account, in violation of § 10(b) of the Securities Exchange Act of 1934 and the SEC's rules enforcing that section. Appellant claimed further that appellees' conduct violated state securities law and NASD rules of fair practice, and constituted a breach of contract, fraud, and deceit under state law.

An NASD arbitration panel held a two-day hearing at which, *inter alia*, Kasap questioned appellee Anderson about his substance abuse history during the period in which he handled appellant's account. After the close of the hearing, Kasap discovered evidence which he believed demonstrated that Anderson perjured himself before the panel, and requested that the panel reopen the record to consider the new evidence. The panel rejected the request, and later denied all of appellant's claims on the merits. Ap-

pellant then filed in the district court an application to vacate the arbitration award in favor of appellees under § 10 of the Federal Arbitration Act, 9 U.S.C. § 10 (1994). He argued that Anderson's alleged perjury enabled appellees to procure the award by fraud and undue means, *id.* § 10(a)(1), and that the panel's decision not to reopen the record constituted misconduct, *id.* § 10(a)(3). Appellees filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction over appellant's application.

The district court granted appellees' motion and dismissed the case with prejudice. Relying on *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and the Seventh Circuit's decision in *Minor v. Prudential Securities, Inc.*, 94 F.3d 1103 (7th Cir.1996), the district court held that it lacked subject matter jurisdiction because the parties were not diverse, because the Federal Arbitration Act does not itself create jurisdiction for the federal courts, and because the federal securities claims involved in the underlying arbitration do not supply an independent jurisdictional basis. Appellant challenges the district court's decision, arguing that the district court had subject matter jurisdiction and that, even if it did not, the district court erred insofar as it dismissed his application to vacate *with prejudice.*

## II.

The Federal Arbitration Act creates several federal causes of action relating to arbitration agreements (to be initiated by "petition" or "application"), including an action under § 4 to compel arbitration, which provides,

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in

the manner provided for in such agreement. . . .

9 U.S.C. § 4 (1994), and an action under § 10 to vacate an arbitrator's award, which provides,

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

(b) The United States district court for the district wherein an award was made that was issued pursuant to section 580 of title 5 may make an order vacating the award upon the application of a person, other than a party to the arbitration, who is adversely affected or aggrieved by the award, if the use of arbitration or the award is clearly inconsistent with the factors set forth in section 572 of title 5.

9 U.S.C. § 10 (1994). Notwithstanding the apparent federal causes of action thus devised, the Supreme Court has interpreted the statute as not itself bestowing *jurisdiction* on the federal district courts, nor permitting federal jurisdiction to be invoked under 28 U.S.C. § 1331 (1994), the general statute conferring on federal district courts jurisdiction over "all civil actions arising under the . . .

laws ... of the United States." *Id.*; *see Southland Corp. v. Keating*, 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (describing the Act as "creat[ing] federal substantive law requiring the parties to honor arbitration agreements, [but] ... not creat[ing] any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise"); *see also Moses H. Cone*, 460 U.S. at 25 n. 32, 103 S.Ct. 927 (holding that, to assert a cause of action under the Act, "[t]here must be diversity of citizenship or some other independent basis for federal jurisdiction").

■ That construction of the statute is certainly, as has been observed, "something of an anomaly," *Moses H. Cone*, 460 U.S. at 25 n. 32, 103 S.Ct. 927; *see also Southland*, 465 U.S. at 30 n. 19, 104 S.Ct. 852 (O'Connor, J., dissenting) (noting that it is "rare to find a federal substantive right that cannot be enforced in federal court under the jurisdictional grant of 28 U.S.C. § 1331"); RICHARD H. FALLON ET AL., HART & WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 912 n.9 (4th ed.1996) (labeling *Southland's* footnote 9 "puzzling"). Ordinarily, a plaintiff, relying squarely on a federal cause of action, would easily satisfy § 1331's requirement that the claim "arise under" federal law, *see Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), at least absent an overwhelming predominance of state law issues incorporated by the federal cause of action, *see id.* at 814 n. 12, 106 S.Ct. 3229. Still, the Supreme Court has spoken and it is not for us to quarrel. *But cf. Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 290–92, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (Thomas J., dissenting) (noting jurisdictional anomaly under § 2 of the Act and attributing it to *Southland's* erroneous conclusion that the Act creates substantive federal law binding on state courts); *id.* at 285, 115 S.Ct. 834 (Scalia, J., dissenting) (vowing no longer to

dissent from judgments resting on *Southland*, but "stand[ing] ready to join four other Justices in overruling it").

It should be noted, however, that § 4—unlike § 10—includes language that specifically refers to what appears to be a basis for federal question *jurisdiction*. A petition for an order compelling arbitration may be brought in a "United States district court which, save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action or in admiralty[,] of the subject matter of a suit arising out of the controversy between the parities ... ." That provision in § 4—though conspicuously absent from § 10—is the key to appellant's argument. He does not claim that § 10, if it stood alone, would confer federal question jurisdiction on federal district courts to entertain an application to vacate an arbitration panel's award.[1] Rather, it is his argument that § 4 does so—at least where the underlying claim that is to be put to arbitration could have been brought in federal court—and that the two sections should be construed *in pari materia*.

The first difficulty with appellant's argument is that despite § 4's language, it is not at all clear that even that wording creates a basis for federal question jurisdiction. Admittedly, the Supreme Court suggested as much, *see Moses H. Cone*, 460 U.S. at 24 n. 32, 103 S.Ct. 927 ("Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute...."), but the clear weight of authority rejects that proposition. *See, e.g., Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 267–68 (2d Cir.1996); *Smith Barney, Inc. v. Sarver*, 108 F.3d 92, 94 (6th Cir.1997); *Prudential–Bache Secs., Inc. v. Fitch*, 966 F.2d 981, 988 (5th Cir.1992); *see also Minor*, 94 F.3d at 1106 (citing cases). The strongest opinion reject-

---

1. Other parties have argued that the Supreme Court's broad language in *Southland* and *Moses H. Cone* should be confined to § 4, and that federal question jurisdiction without any limitation is conferred by § 10, which specifically refers to a United States district court, *see* 9 U.S.C. § 10(a), (b). That argument has been uniformly rejected. *See, e.g., Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468–71 (11th Cir.1997),

*cert. denied*, —— U.S. ——, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir.1994); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883–84 (9th Cir.1993); *Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990).

ing it focused on the common law origins to which the language of § 4 likely was addressed, *see Drexel Burnham Lambert, Inc. v. Valenzuela Bock,* 696 F.Supp. 957, 961–63 (S.D.N.Y.1988) (Leval, J.) (explaining that a claim for specific performance of an arbitration agreement would not be enforced at common law because such agreements were thought to "oust" a court of its jurisdiction, and that the § 4 language was intended only to reverse that practice), and on the incompatibility between appellant's suggested interpretation and the well-pleaded complaint rule, *see id.* at 963–64. The only authority supporting appellant's construction of § 4 is a Fourth Circuit opinion which went on to hold that the underlying dispute did not involve a federal claim, *see Gibraltar, P.R., Inc. v. Otoki Group, Inc.,* 104 F.3d 616, 618–19 (4th Cir.1997), and two district court opinions that are rather sketchy, *see Dean Witter Reynolds, Inc. v. Sanchez Espada,* 959 F.Supp. 73, 76 (D.Puerto Rico 1997); *Gouger v. Bear, Stearns & Co.,* 823 F.Supp. 282, 285 (E.D.Pa.1993).

But assuming *arguendo* that appellant's reading of § 4 is correct, we do not see how he can transport the unique jurisdictional language of § 4 into § 10. Appellant claims we simply have to because otherwise there is no jurisdictional coherence to the statute. How can it be thought that Congress intended that a federal court have jurisdiction to compel arbitration of a claim under federal securities law but not jurisdiction over the other provision of the same statute that provides for the vacating of an award of the same claim? Indeed, if we read § 10 as not permitting federal question jurisdiction based on the underlying federal claims then a plaintiff, as a practical matter, could bring this sort of action in federal court only in diversity (or perhaps admiralty) cases, which seems a strange result.[2]

We readily admit that appellant's argument is powerful. Faced with the same ar-

gument, the Seventh Circuit in *Minor v. Prudential Securities, Inc.,* 94 F.3d 1103 (7th Cir.1996), heroically sought to explain the rationale for such a congressional choice. It contended that Congress had a more "central" interest in the enforcement of agreements to arbitrate than in the review of arbitration decisions, *see id.* at 1107, and that since a § 10 action to vacate an award because of fraud, corruption, misconduct or an excess of the arbitrators' powers would depend on state, not federal, law, it was no different from an ordinary diversity suit, despite the underlying federal claims, *see id.* at 1106. We see little evidence supporting the former. And we do not agree with the Seventh Circuit as to the latter. The Supreme Court has made clear that the Act creates federal substantive law, *see Moses H. Cone,* 460 U.S. at 25 n. 32, 103 S.Ct. 927, and federal courts have interpreted the fraud provision of § 10 as a provision of federal law. *See, e.g., Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir.1988) (discussing three part test, developed by federal courts, for fraud under § 10); *see also DVC–JPW Investors v. Gershman,* 5 F.3d 1172, 1174 (8th Cir.1993) (evaluating application to vacate alleging arbitrator misconduct under federal standard). Nevertheless, we agree with the Seventh Circuit's conclusion that § 10 does not create federal question jurisdiction, even when the underlying arbitration involves federal law, essentially because of the Supreme Court's general pronouncements concerning the limits of federal district court jurisdiction over the Federal Arbitration Act. In sum, even if by focusing on the exact wording of § 4, appellant can—in accordance with the Supreme Court's suggestion—establish federal question jurisdiction over some kinds of § 4 proceedings, the same words are not in § 10. He who lives by the *in haec verba* form of analysis dies by it.

---

**2.** That is because the ordinary method for establishing federal question jurisdiction under 28 U.S.C. § 1331—demonstrating a federal cause of action or a "substantial question of federal law" necessary to the plaintiff's right to relief, *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77

L.Ed.2d 420 (1983)—would appear precluded by the Act's anomalous jurisdictional structure. As we saw, the Arbitration Act cause of action itself is insufficient, and we do not see how (although we do not rule it out) a § 10 claim could depend on a substantial question of federal law distinct from the substantive law that § 10 creates.

**1248**

 We conclude by noting that the district court improperly dismissed appellant's suit with prejudice. As appellees concede, dismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction. *See* FED R. CIV. P. 41(b); CHARLES A. WRIGHT & ARTHUR R. MILLER, 13A FEDERAL PRACTICE AND PROCEDURE § 1350, at 225 (2d ed.1990). Appellees attempt to salvage this aspect of the district court's opinion by interpreting the "with prejudice" dismissal to apply only to the jurisdictional issue decided by the court, thereby foreclosing only the refiling of the same application in federal court. But the district court's order dismissed appellant's "case" with prejudice, not simply the "issue" of federal court jurisdiction. In fact, under principles of issue preclusion, even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigated. *See Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1194 (D.C.Cir.1983); *Shaw v. Merritt–Chapman & Scott Corp.,* 554 F.2d 786, 789 (6th Cir.1977) ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack."); *cf. Durfee v. Duke,* 375 U.S. 106, 116, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) (holding that a court's decision that subject matter jurisdiction is *proper* has issue preclusive effect). We therefore affirm the district court's decision, but modify its order to state that the dismissal of appellant's case is without prejudice.[3]

---

**3.** Whether, as appellees suggest, this disposition will be of no help to appellant since his § 10 application would be time-barred if brought in state court is not for us to decide.