

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2007

# Fox v. Faust

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1998

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Fox v. Faust" (2007). *2007 Decisions*. Paper 1091.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1091

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1998

THOMAS FOX,
Appellant

v.

EUGENE B. FAUST;
MARLENE A. FAUST

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00935)
District Judge:  Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed: May 18, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Thomas Fox, a securities broker, moved to vacate an arbitration award entered

against him for violations of the Securities Exchange Act of 1934 and state consumer

protection laws.  The District Court confirmed the arbitration award, and Fox appealed.

We do not reach the merits of Fox's appeal because we find that the District Court did not have jurisdiction to consider his motion to vacate the award. Accordingly, we will vacate the District Court's judgment, and remand with directions to enter an order dismissing the case for lack of jurisdiction.

I.

In November 1995, Eugene and Marlene Faust entered into an agreement with Gruntal & Co. ("Gruntal") to open a brokerage account. The agreement provided that any disputes with Gruntal, its officers, directors, agents and/or employees were to be settled by arbitration pursuant to the Federal Arbitration Act and New York law. Thomas Fox was a Gruntal employee and the Fausts' broker.

In February 2001, the Fausts filed a statement of claim with the National Association of Securities Dealers ("NASD") against Fox and two other parties.[1] The Fausts asserted the following claims against Fox related to the purchase and sale of various stocks: churning; breach of contract; breach of fiduciary duty; conversion; fraud; misrepresentation; negligence; non-disclosures; failure to supervise; suitability; and violations of New York and Pennsylvania consumer protection laws. On March 29, 2004, the arbitration panel entered an award against Fox in the amount of $110,000 in compensatory damages, pre- and post-judgment interest, $330,000 in punitive damages, $90,000 in attorneys' fees, and $375 as reimbursement for the NASD claim filing fee.

_____

[1]The arbitration against these two parties was subsequently stayed.

Fox filed a motion in the District Court to vacate the arbitration award. Fox

alleged that the arbitration panel was improperly and illegally constituted, the panel

improperly denied his request for a continuance, and the chairman of the panel was biased

against him, all in violation of the Federal Arbitration Act ("FAA"). Fox also alleged that

the amount of damages awarded was not supported by the evidence. The District Court

denied Fox's motion and confirmed the arbitration award.

## II.

We will not address the merits of Fox's appeal because we conclude that the

District Court did not have jurisdiction over Fox's motion to vacate. *See Mitchell v.*

*Maurer*, 293 U.S. 237, 244 (1934) ("An appellate federal court must satisfy itself not only

of its own jurisdiction, but also of that of the lower courts in a cause under review."). It is

undisputed that there is no diversity of citizenship between the parties. Furthermore, the

FAA does not create federal question jurisdiction. *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983). Fox, however, contends that the case

arises under federal law because some of the Fausts' claims in the underlying arbitration

arise under the Securities Exchange Act of 1934. He contends that because the Fausts

could have sued him in federal court if they had not been compelled to arbitrate their

claims, the District Court had jurisdiction over Fox's action to vacate an award based on

these claims.

To determine whether an action presents a question of federal law, we follow the

well-pleaded complaint rule. *See Virgin Islands Hous. Auth. v. Coastal Gen. Constr.*

*Servs. Corp.*, 27 F.3d 911, 915 (3d Cir. 1994). Under this rule, when a party files a motion to vacate an arbitration award, "not only must federal jurisdiction exist aside from the Arbitration Act, but the independent basis must appear on the face of the complaint." *Id.*

In *Coastal General*, we determined that we did not have jurisdiction over the action to vacate the arbitration award because the complaint failed to raise a federal question on its face. *Id.* Here, the action challenges the arbitrators' selection and conduct, and does not state any claims arising under federal law. We conclude that there is no basis for federal jurisdiction on the face of Fox's motion to vacate the arbitration award. As the Court of Appeals for the Second Circuit found in *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996), "the nature of the underlying dispute (here, a claim by the respondents under the Exchange Act), is not part of a 'well-pleaded complaint' asking the court to stay arbitration." *Id.* at 269. In *Westmoreland*, the petitioner argued that there was federal question jurisdiction over his petition to stay the arbitration under § 4 of the FAA because the arbitrated claims arose, in part, under the Securities Exchange Act. *Id.* at 265. The court affirmed the dismissal of the petition.[2]

_____

[2]Other courts of appeals have disagreed with *Westmoreland* and found that a federal court possesses subject matter jurisdiction over a motion under § 4 of the FAA when the controversy underlying the arbitration agreement presents a federal question. *See Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005); *Tamiami Partners, Ltd. v. Miccosukee Tribe*, 177 F.3d 1212, 1233 n.11 (11th Cir. 1999). There is agreement, however, that a suit to vacate an arbitration award under § 10 of the FAA, like Fox's action, does not raise a federal question merely because the underlying arbitration involves a federal question. *See Cmty. State Bank v. Strong*, _ F.3d _, 2007 WL 1225343,

4

Similarly here, Fox's motion to vacate the arbitration award does not, on its face, raise a federal question. Fox has alleged only violations of the FAA, which we have held to be insufficient to establish federal question jurisdiction.[3] *See Coastal Gen.*, 27 F.3d at 916. Thus, the District Court did not have jurisdiction over this action.

### III.

Accordingly, for the reasons set forth above, we will vacate the District Court's judgment and remand with directions to enter an order dismissing the case for lack of jurisdiction.

---

at \*21 (11th Cir. Apr. 27, 2007) (Marcus, J., concurring); *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004); *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 26 (2d Cir. 2000); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1247 (D.C. Cir. 1999); *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105-07 (7th Cir. 1996). In *Coastal General*, we noted that, "[e]ven if it were permissible to look beyond the complaint to the substance of the arbitrated dispute," there was no federal question raised in the underlying arbitration. 27 F.3d at 915-16. We take this to mean that it is impermissible to look at the underlying action.

[3] Fox also argues that federal question jurisdiction exists where "the petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law." Appellant's Letter Br. 5 (citing *Greenberg*, 220 F.3d at 27). This theory is inapplicable in this case because Fox alleges only defects in the arbitration process. *See Greenberg*, 220 F.3d at 27 (flaws in arbitration process itself do not constitute manifest disregard of federal law).