**Steven MADEOY and Melanie Madeoy, Appellants**

v.

**AMERICAN ARBITRATION ASSOCIATION, INC., et al., Appellees.**

**No. 08–7033.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 9, 2008.

Steven Madeoy, Melanie Madeoy, Rockville, MD, for Appellants.

Jason J. Mendro, Mark Andrew Perry, Esq., Gibson, Dunn & Crutcher LLP, Washington, DC, for Appellees.

BEFORE: GINSBURG, TATEL, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal order, filed February 19, 2008, be affirmed. The district court properly dismissed the complaint for lack of subject matter jurisdiction because it is not a civil action between citizens of different states. *See* 28 U.S.C. § 1332. Additionally, the complaint does not involve a dispute arising under federal law, *see* 28 U.S.C. § 1331, because the Federal Arbitration Act does not create a basis for federal court jurisdiction, and any claim of federal question jurisdiction in a dispute involving an arbitration award must come from another source of federal law. *See Hall Street Associates, L.L.C. v. Mattel, Inc.,* —— U.S. ——, 128 S.Ct. 1396, 1402, 170 L.Ed.2d 254 (2008); *Kasap v. Folger Nolan Fleming & Douglas, Inc.,* 166 F.3d 1243, 1247 (D.C.Cir.1999). Dismissal was proper because the complaint does not allege any other basis for the district court's jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.