United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-50897
Summary Calendar

————————————

COLE SMITH,

                    Plaintiff - Counter-Defendant - Appellant,

versus

RUSH RETAIL CENTERS, INC.,

                    Defendant - Counter-Claimant - Appellee.

--------------------
Appeals from the United States District Court
for the Western District of Texas
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

Cole Smith filed suit in the district court seeking to vacate an arbitration award entered in favor of Smith's former employer, Rush Retail Centers, Inc. (Rush). Although Rush did not object to the district court's jurisdiction, a magistrate judge determined that there was no basis for federal jurisdiction because the parties were not diverse and the complaint did not allege a federal question. Over Smith's objections, the district court concurred with the magistrate judge's determination and dismissed for lack of jurisdiction both Smith's complaint and Rush's counterclaim for attorneys' fees. The court denied Smith's timely motion to amend the judgment or, alternatively, for rehearing.

Smith appeals arguing that under the Federal Arbitration Act (FAA), 9 U.S.C. § 10, the district court has jurisdiction to consider his petition to vacate the arbitration award.

Our review of the district court's determination of subject matter jurisdiction is plenary.[1] In relevant part, § 10 provides that "the United States court in and for the district wherein the [arbitration] award was made may make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators were guilty of misconduct . . . ."[2] Smith's district court complaint alleged that the arbitrators engaged in "misconduct" within the meaning of § 10(a) by revising the agreement, by refusing to apply Texas law as required by the arbitration agreement and by refusing to allow Smith to introduce impeachment evidence.

The Supreme Court has held that § 4 of the FAA, which authorizes the filing of a petition to compel arbitration in the district court, does not create an independent basis for federal jurisdiction.[3] Section 4 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court

---

[1] *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 189-90 (5th Cir. 1999).

[2] 9 U.S.C. § 10(a)(3) (1999).

[3] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

2

> which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.[4]

In short, for a federal court to enter an order to compel arbitration under § 4, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."[5]

Although *Moses Cone* arose in the context of § 4, this conclusion applies with equal force to § 10. It is well established that the FAA is not an independent grant of federal jurisdiction. Although we have not addressed whether this rule applies in the § 10 context, other circuits have. The Second, Sixth, Seventh, Ninth, Eleventh, and District of Columbia Circuits have held that § 10 of the FAA does not confer federal jurisdiction and that there must be an independent basis for federal jurisdiction before a district court may entertain a petition to vacate an arbitration award.[6] The Second Circuit reasoned that "it

---

[4] 9 U.S.C. § 4 (1999).

[5] *Moses Cone*, 460 U.S. at 25 n.32; *see also Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 987 (5th Cir. 1992) (explaining that "*Moses Cone* establishes definitively that the FAA does not provide an independent basis for federal jurisdiction").

[6] *See Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1245-47 (D.C. Cir. 1999); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *Minor v. Prudential Sec., Inc.*,

3

would be anomalous to conclude . . . that section 4 confers no jurisdiction to compel arbitration, but that section 10 confers jurisdiction to vacate an award once arbitration takes place."[7] If § 10 conferred jurisdiction, "then any contract that involved commerce and contained a valid arbitration clause could give rise to a federal court action for the confirmation, vacatur, or modification of an arbitration award."[8] This reasoning is consistent with the limited nature of federal subject matter jurisdiction. We join our sister circuits in holding that FAA § 10 does not create federal subject matter jurisdiction.

We reject Smith's argument that *Circuit City Stores, Inc. v. Adams*[9] dictates that the arbitration of employment contracts always involves a federal question. Federal jurisdiction was not at issue in *Circuit City*. Jurisdiction was based on diversity. At issue was whether FAA § 1, which exempts from coverage under the FAA "'contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate

---

94 F.3d 1103, 1104 (7th Cir. 1996); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883-84 (9th Cir. 1993).

[7] *Baltin*, 128 F.3d at 1471 (quoting *Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990)).

[8] *Id.* (internal footnotes omitted).

[9] 532 U.S. 105 (2001).

commerce,'"[10] removes all employment contracts from the scope of the FAA or whether it merely provides that the FAA does not apply to employment contracts involving transportation workers.  The Supreme Court's application of the exemption employment contracts involving the transportation industry from FAA coverage is irrelevant to the existence of federal subject matter jurisdiction under the FAA.

We conclude that the complaint did not allege a federal question or that under the facts alleged there is another basis for federal jurisdiction.  We affirm the judgment dismissing the complaint.

---

[10] 9 U.S.C. § 1.