# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1531

———————

Matthew D. Pinnavaia,        *
       *
           Appellant,        *
       *    Appeal from the United States
       v.        *    District Court for the
       *    District of Minnesota
National Arbitration Forum, Inc.,        *
       •    [Unpublished]
           Appellee.        *

———————

Submitted: November 18, 2004
Filed: December 8, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Matthew Pinnavaia appeals from the final judgment entered in the District Court for the District of Minnesota dismissing his civil complaint. For reversal Pinnavaia argues, inter alia, the district court erred in determining that he did not state a claim under the Federal Arbitration Act, 9 U.S.C. § 10. For the reasons discussed below, we modify the judgment of the district court and affirm as modified.

In keeping with the other circuits that have addressed the issue, we hold that 9 U.S.C. § 10 does not provide an independent jurisdictional basis for filing suit in federal court. See Smith v. Rush Retail Ctrs., Inc., 360 F.3d 504, 505 & n.6 (5th Cir.

2004) (per curiam) (holding, in reliance on <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25 n.32 (1983), that § 10 does not confer subject matter jurisdiction; listing cases from D.C., Second, Sixth, Seventh, Ninth, and Eleventh Circuits holding same).  Pinnavaia did not allege his action arose under any other federal statute or under the Constitution, <u>see</u> 28 U.S.C. § 1331 (federal question jurisdiction), and he did not allege a matter in controversy exceeding the value of $75,000, exclusive of interest and costs, <u>see</u> 28 U.S.C. § 1332 (diversity jurisdiction). We thus conclude that the district court lacked subject matter jurisdiction of Pinnavaia's civil action.  <u>See</u> <u>Bueford v. Resolution Trust Corp.</u>, 991 F.2d 481, 485 (8th Cir. 1993) (lack of subject matter jurisdiction cannot be waived, and may be raised sua sponte by court at any time).

Accordingly, we modify the dismissal to be without prejudice and affirm as modified.  <u>See</u> <u>Hernandez v. Conriv Realty Assocs.</u>, 182 F.3d 121, 123-24 (2d Cir. 1999) (Article III prevents federal courts from dismissing case with prejudice where subject matter jurisdiction is lacking); <u>Miller v. Benson</u>, 51 F.3d 166, 170 (8th Cir. 1995) (appeals court may affirm on any ground supported by record).  We also deny appellee's motion for fees and costs.

_____