IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-11181
Summary Calendar

OTEEVA, LP; OTEEVA LLC; OTEEVA, INC.; TRAVIS BUSTER; WENDY
BUSTER,

Plaintiffs - Appellants,

v.

X-CONCEPTS LLC; VISION-SCAPE INTERACTIVE, INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Texas
3:06-CV-832

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiffs filed this action in the United States District Court for the
Northen District of Texas seeking to vacate an arbitration award entered against
the plaintiffs in Arizona. The district court dismissed the case for improper
venue and subsequently denied the plaintiffs' request, raised for the first time
in a motion for a new trial, to transfer the case to Arizona. The plaintiffs appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although not raised by the parties or the district court, we must first determine whether we have subject matter jurisdiction to consider this appeal. See Energy Mgmt. Corp. v. City of Shreveport, 397 F.3d 297, 301 n.2 (5th Cir. 2005) ("This court has an obligation to consider possible objections to our jurisdiction sua sponte."); Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (same). We have a special obligation to satisfy ourselves not only of our own jurisdiction, but that of the district court as well. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Mocklin v. Orleans Levee Dist., 877 F.2d 427, 438 n.3 (5th Cir. 1989). Our review of the district court's exercise of subject matter jurisdiction is plenary. Smith v. Rush Retail Centers, Inc., 360 F.3d 504, 505 (5th Cir. 2004).

Before the district court, the plaintiffs asserted federal jurisdiction under 9 U.S.C. § 10, the section of the Federal Arbitration Act ("FAA") that establishes the mechanism for vacating an arbitration award. However, we have held squarely that "FAA § 10 does not create federal subject matter jurisdiction." Smith v. Rush Retail Centers, Inc., 360 F.3d 504, 506 (5th Cir. 2004). "It is well established that the FAA is not an independent grant of federal jurisdiction." Id. at 505. Therefore, FAA § 10 provided no basis for the district court to exercise subject matter jurisdiction in this case.

In the plaintiffs' statement of jurisdiction to this Court, the plaintiffs now also assert 28 U.S.C. § 1332, the federal diversity statute, as a basis for jurisdiction.

> For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. [The plaintiffs] thus bear[] the burden of establishing diversity; if [they] fail[] to meet that burden, we cannot presume the existence of federal jurisdiction.

Howery, 243 F.3d at 919 (internal quotation marks, alterations, citations, and footnotes omitted).

Although the plaintiffs assert in their statement of jurisdiction that they filed this action pursuant to 28 U.S.C. § 1332, we do not find that statement to be accurate. The complaint nowhere mentions § 1332 or diversity jurisdiction. More importantly, the complaint—as well as the record generally—contains insufficient detail for us to determine the citizenship for diversity purposes of the various parties. These jurisdictional defects are not those of the "technical" or "formal" variety that can be cured pursuant to 28 U.S.C. § 1653.[1] See Howery, 243 F.3d at 920 ("[I]f there is no evidence of diversity on the record, we cannot find diversity jurisdiction, and we must dismiss the action for lack of jurisdiction.").

Because of the absence of adequate diversity allegations and the lack of sufficient evidence of diversity in the record before us, we conclude that the plaintiffs have failed to satisfy their burden of establishing federal jurisdiction. Because the plaintiffs have failed to meet their burden, we cannot assume that jurisdiction exists, and we therefore conclude that the district court lacked subject matter jurisdiction in this case.

For these reasons, we VACATE and REMAND with instructions that the district court DISMISS the case for lack of subject matter jurisdiction.[2]

---

[1] Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

[2] To be absolutely clear: The dismissal for lack of subject matter jurisdiction is based solely on the inadequate allegations and factual record before us. The plaintiffs' brief represents that this case has been re-filed in the federal district court in Arizona. This opinion should not be read as determining or even considering whether jurisdiction is properly laid in that forum, which will of course depend on the particular jurisdictional facts and allegations in that case, and thus the dismissal is to that extent WITHOUT PREJUDICE.