Vernon Vu LUONG, Petitioner–Appellant,

v.

CIRCUIT CITY STORES, INC., Respondent–Appellee.

No. 02–56522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Filed May 25, 2004.

Mai D. Wells, Infinity Law Group, Anaheim, CA, for the petitioner-appellant.

Rex Darrell Berry, Livingston & Mattesich, Sacramento, CA, for the respondent-appellee.

Before: KOZINSKI, FERNANDEZ, and RYMER, Circuit Judges.

RYMER, Circuit Judge.

Vernon Vu Luong appeals dismissal of his petition to vacate an arbitration award in favor of Circuit City Stores, Inc. for lack of subject matter jurisdiction. His petition claims that the arbitrator manifestly disregarded *Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), in ruling that Circuit City did not violate his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213(ADA). He argues that the allegation of manifest disregard of federal law raises a federal question. We agree that it does, and that the district court had subject matter jurisdiction over Luong's petition. However, the petition fails because the arbitrator did not manifestly disregard *Toyota*. Accordingly, we affirm.

I

On August 24, 2000, Luong brought an action for discrimination in violation of the ADA against Circuit City in federal district court. Circuit City moved to compel arbitration based on an arbitration agreement. The district court granted the petition to compel and dismissed the action.

The dispute was arbitrated. The arbitrator found that Luong was neither disabled nor regarded as disabled under *Toyota*, thus Circuit City did not violate the ADA.

Luong then filed a petition to vacate the arbitration award pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10(FAA).[1] This petition prem-

---

1. Section 10 provides that a federal court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

ised federal jurisdiction only on the FAA, which we have held does not confer subject matter jurisdiction. *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883–84 (9th Cir.1993). Luong amended his petition to allege diversity of citizenship with more than $75,000 in controversy, 28 U.S.C. § 1332, and a federal question arising out of the arbitrator's manifest disregard of federal law, 28 U.S.C. § 1331. The petition asserts that the arbitrator "ignored federal law as well as refused to correctly apply federal law," and attaches a copy of the arbitrator's decision as an exhibit.

Circuit City moved to dismiss Luong's petition for lack of subject matter jurisdiction, which the district court granted. This timely appeal followed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[2]

## II

■ It is well settled that federal courts must have an independent basis for federal jurisdiction to hear claims under the FAA, *see, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), and that 9 U.S.C. § 10 does not provide it, *see Garrett*, 7 F.3d at 884.[3] Other circuits hold the same view. *See, e.g., Kasap*, 166

F.3d at 1247; *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir.1997); *Minor*, 94 F.3d at 1105; *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257–58 (6th Cir. 1994); *Harry Hoffman Printing, Inc. v. Graphic Communications, Local 261*, 912 F.2d 608, 611 (2d Cir.1990). Nor does § 10 create federal question jurisdiction even when the underlying arbitration involves a federal question. *See, e.g., Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir.2000), *cert. denied*, 531 U.S. 1075, 121 S.Ct. 770, 148 L.Ed.2d 669 (2001); *Kasap*, 166 F.3d at 1247; *Minor*, 94 F.3d at 1106; *Ford*, 29 F.3d at 257–58. In sum, a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition.

■ Luong argues that federal question jurisdiction exists over his petition to vacate because it alleges that the arbitrator's award was rendered in manifest disregard of federal law—*Toyota Motor Mfg., Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). He invites us to follow *Greenberg*, where the Second Circuit held that when a petition to vacate "complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts

(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a)(1)-(4).

2. We review de novo the district court's dismissal for lack of subject matter jurisdiction.

*Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir.2000).

3. This is quite an odd construct, as we and others have observed. *See, e.g., Garrett*, 7 F.3d at 883 (observing that § 10 of the FAA on its face appears to confer subject matter jurisdiction, but precedent is to the contrary); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1246 (D.C.Cir.1999); *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir.1996) (noting that the FAA is "something of an anomaly in the field of federal-court jurisdiction"). Nevertheless, the need for an independent basis for federal jurisdiction is clear.

have jurisdiction to entertain the petition." 220 F.3d at 27.

■ *Greenberg* makes a forceful case for why the *ground* asserted in the petition to vacate makes a difference for purposes of federal question jurisdiction. Section 10 allows an award to be vacated on the grounds of fraud, corruption, undue means, evident partiality, procedural misconduct, and exceeding powers. However, both the Second Circuit and the Ninth recognize a non-statutory escape valve from an arbitral award where the arbitrator has manifestly disregarded the law. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir.1997); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059–60 (9th Cir.1991) (suggesting that this ground really defines § 10(d)); *Sheet Metal Workers Int'l Ass'n Local Union # 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985). Given this additional ground for vacatur, the court in *Greenberg* reasoned that

> [i]n contrast to grounds of review that concern the arbitration process itself—such as corruption or abuse of power—review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present.

*Greenberg,* 220 F.3d at 27. We agree and therefore conclude that we have federal question jurisdiction over the case.

However, "manifest disregard of the law" has a well-defined meaning that Luong's petition cannot possibly meet. "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995) (internal quotation marks omitted). "It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Id.*

Luong's complaint is that the arbitrator extended the ruling of *Toyota,* and thus disregarded it. However, without expressing a view one way or the other on whether the arbitrator got *Toyota* right, it is clear that the arbitrator did not *ignore* it. His written decision is part of the petition. Virtually every line of the opinion and award discusses *Toyota* and how it plays out on the facts in Luong's case. That cannot amount to "manifest disregard of federal law."

### III

Circuit City's request for attorneys' fees and costs pursuant to Federal Rules of Appellate Procedure 38 and 39, and Ninth Circuit Local Rule 30–2, is denied. Luong's appeal is not frivolous.[4]

**AFFIRMED.**

---

4. Given this disposition, we need not reach Circuit City's alternative argument for affir-

mance based on the statute of limitations.