Burgess' remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**

Stewart **GOLDSTEIN,** M.D.,
Plaintiff—Appellant,

v.

**UNITED STATES of America,**
Defendant—Appellee.

No. 03–55884.
**D.C. No. CV–02–02347–CBM.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2005.*

Decided April 14, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. See

John M. Anderson, John M. Anderson Law Offices, Stevenson Ranch, CA, for Plaintiff-Appellant.

Fed. R.App. P. 34(a)(2).

Erika Johnson–Brooks, Keith M. Staub, USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before WARDLAW, PAEZ, Circuit Judges, and BEISTLINE, District Judge.**

## MEMORANDUM***

Stewart Goldstein ("Goldstein") appeals the district court's dismissal of his action for "negligent termination" under the Federal Tort Claims Act ("FTCA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

█ Reviewing the district court's dismissal for lack of subject matter jurisdiction de novo, see Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 n. 2 (9th Cir.2004), we conclude that Goldstein's FTCA claim was precluded by the comprehensive remedial scheme governing Department of Veterans Affairs ("VA") employees. See Bush v. Lucas, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (holding that where "claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, . . . it would be inappropriate . . . to supplement that regulatory scheme with a new judicial remedy"); Berry v. Hollander, 925 F.2d 311, 315–16 (9th Cir.1991) (concluding that a VA doctor's claim that he was ousted from

his job in violation of the First and Fifth Amendments was precluded by the statutory scheme covering VA employees, including the protections provided by the Department of Medicine and Surgery's rules governing grievances and terminations, the Administrative Procedure Act, and the Federal Employees Compensation Act).

Goldstein argues that his FTCA claim is not precluded because he was not afforded the procedural protections of the statutory scheme for VA employees under 38 U.S.C. §§ 7461–7464. However, these protections do not apply to Goldstein because he was a probationary employee. See 38 U.S.C. § 7403(b)(2) (providing that probationary employees' records shall be reviewed from time to time and if deemed not fully qualified and satisfactory, they shall be separated from the service); Dep't of Veterans Affairs, Veterans Health Admin. Supp. MP–5, Part II, Ch. 4, § 4.09 (providing that probationary employees are subject to "summary board reviews"); see also Giordano v. Roudebush, 617 F.2d 511, 517 (8th Cir.1980) ("[T]he limited Board review of a probationary physician's professional competency is the only procedure available to him. . . . Congress intended the tenured employee to be given greater rights than a probationary employee.").

█ Further, the district court did not err in denying Goldstein leave to amend his complaint to state a claim under the Administrative Procedure Act, 5 U.S.C. § 702, because this claim is barred by the statute of limitations. See 28 U.S.C. § 2401(a) (providing that "every civil action commenced against the United States

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our disposition.

shall be barred unless the complaint is filed within six years after the right of action first accrues").

Accordingly, the judgment of the district court is **AFFIRMED**.[2]

---

**2.** Because the district court correctly held that Goldstein's FTCA claim is precluded by the statutory scheme for VA employees, we need not address the government's additional argument that Goldstein's claim is barred by collateral estoppel.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.