# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1659

_____

| | | |
|---|---|---|
| John P. Biscanin, as Successor Conservator of Dolores W. O'Keefe; as Co-administrator of the Estate of Dolores W. O'Keefe; as Trustee of the Dolores W. O'Keefe Living Trust dated September 20, 1990, and as Trustee of the Michael A. O'Keefe Sub-trust of the Dolores W. O'Keefe Irrevocable Trust dated July 12, 1996, | * * * * * * * * * * | |
| | * | Appeal from the United States |
| | * | District Court for the Western |
| | * | District of Missouri. |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Merrill Lynch & Co., Inc.; Merrill Lynch & Co. International, Ltd.; Thomas M. Friedman; Richard J. Paradise; Bradley Stratton; Chad G. Bushaw, | * * * * * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 14, 2005
Filed: May 6, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and HANSEN,
Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

John Biscanin appeals from the district court's dismissal of his complaint, which asks that an arbitration award be vacated. The complaint's theory is that the award reflects a manifest disregard of applicable federal law. We conclude that the complaint should be dismissed for lack of subject-matter jurisdiction because the claim of manifest disregard is patently meritless.

Mr. Biscanin is one of the administrators of the estate of Dolores O'Keefe. Ms. O'Keefe was a wealthy woman; she had tens of millions of dollars' worth of corporate stock in a trust. In the mid-1990s, her children and her conservator met with financial advisors from Merrill Lynch to determine the best way to move the stock from her trust into trusts for her children – a move that had been approved by a state court. The details of Merrill Lynch's advice are unimportant; it suffices to say that for several years Merrill Lynch advised the conservator and the children on the best way to effect the wealth transfer.

Following Ms. O'Keefe's death, Mr. Biscanin filed a claim with the National Association of Securities Dealers (apparently pursuant to an arbitration agreement that the conservator had entered into with Merrill Lynch). The NASD appointed an arbitration panel. At the arbitration hearing, Mr. Biscanin requested millions of dollars in relief for Merrill Lynch's supposedly actionable advice. The panel awarded Mr. Biscanin "$100,000 as compensatory damages" and denied "all other claims and requests of relief ... with prejudice."

Mr. Biscanin then filed the complaint in this case, asking the court to vacate the arbitration award pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10. The defendants moved to dismiss the complaint for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6). While the complaint was pending

before the district court, a Kansas state court confirmed the arbitration award. The district court concluded that the *res judicata* effect of the Kansas decision precluded it from finding in Mr. Biscanin's favor and dismissed the complaint. It did not, however, decide whether it had subject-matter jurisdiction, as it concluded that questions regarding *res judicata* belong to a small group of issues that can be decided before subject-matter jurisdiction, *cf. Ruhrgas AG v. Marathon Oil Co.* 526 U.S. 574, 583-88 (1999). We affirm the judgment of the district court because we conclude that there is no jurisdiction over the subject matter of this case.

The parties agree that the only possible basis for jurisdiction in this case is federal-question jurisdiction. Federal-question jurisdiction exists when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Mr. Biscanin argues that subject-matter jurisdiction exists because his claim that the arbitrators manifestly disregarded federal law when making their award requires the court to resolve a substantial federal question. He cites two cases in support of the proposition that a claim of manifest disregard of federal law triggers federal-question jurisdiction, *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000), and *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004). In *Greenberg*, 220 F.3d at 27, the Second Circuit concluded that "review for manifest disregard of federal law necessarily requires the reviewing court to ... determine what the federal law is ... [and] whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present." The *Luong* court adopted this reasoning. 368 F.3d at 1112.

We assume for the sake of argument that a claim of manifest disregard of federal law could endow the court with subject-matter jurisdiction. Though we are

not certain that we agree with *Greenberg*, we need not press the matter because we can "choose among threshold grounds for denying audience to a case on the merits," *Ruhrgas AG*, 526 U.S. at 585.

A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. *Hagans v. Levine*, 415 U.S. 528, 537-38 (1974); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. *Hagans*, 415 U.S. at 537-38; *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Because this is a facial rather than a factual challenge to jurisdiction, we determine whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, *see McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997), and drawing all reasonable inferences in favor of the plaintiff, *see Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Mr. Biscanin's complaint recites the following as the basis of his allegation that the arbitrators manifestly disregarded the law: "The [arbitration] Panel blatantly and willfully ignored clearly applicable and well-settled [federal] law ... Proper application of the law required the Panel to make an award to [Mr. Biscanin] ... of $2,913,898. There is no other possible rational, logical or lawful result."

To demonstrate that arbitrators manifestly disregarded the law, a party must show that the arbitrators were fully aware of the governing law and refused to apply it. *Stark v. Sandberg, Phoenix, & von Gontard*, 381 F.3d 793, 802 (8th Cir. 2004), *petition for cert. filed*, 73 U.S.L.W. 3473 (U.S. Feb. 2, 2005) (No. 04-1056). The disregard must appear clearly in the record of the arbitration, and "there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 674-75 (8th Cir. 2004); *see also Marshall v. Green Giant Co.*, 942 F.2d 539, 550 (8th Cir. 1991); *Prudential-Bache Sec., Inc. v. Tanner*, 72 F.3d 234, 240-41 (1st Cir.

-4-

1995); *O.R. Sec., Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988).

Mr. Biscanin's assertion that the arbitrators manifestly disregarded federal law is clearly untenable. The essence of his claim is that the size of the award proves that the arbitrators manifestly disregarded the law. Though the text of the complaint supports other reasonable inferences about the essence of his claim, Mr. Biscanin's arguments on appeal preclude us from drawing them. *Cf. Crowley Cutlery Co. v. United States*, 849 F.2d 273, 278-79 (7th Cir. 1988). In his reply brief, Mr. Biscanin writes the following: "Whether there has been manifest disregard of applicable law must always be gleaned from the surrounding circumstances. Here those circumstances are that the panel acknowledged applicable law by referring to Biscanin's papers but then set about to disregard it as evidenced by the award." (Based on language earlier in the paragraph from which we draw this excerpt – and Mr. Biscanin's opening brief – it is clear that Mr. Biscanin is using the term "award" here to refer to the size of the award.) In other words, Mr. Biscanin admits that his only evidence that the arbitrators disregarded the law is the size of the award.

We conclude that Mr. Biscanin's allegation of manifest disregard is so untenable as to be patently meritless. As we have previously explained, circuit precedent forecloses his argument that the result obtained provides the necessary proof that the arbitrators disregarded the law. *Lincoln Nat'l*, 374 F.3d at 675; *Marshall*, 942 F.2d at 550. What is more, Mr. Biscanin does not try to distinguish his case from *Lincoln National* or *Marshall* (apart from the argument that a New York state court has relied on the size of an award to find disregard), nor does he argue that they are wrong. (He had the opportunity to do both of these things because Merrill Lynch argued in its brief that more than the result is necessary to show disregard.) His claim is obviously doomed to fail, then, and as such, it is patently meritless. In a similar case, the Second Circuit agreed, finding that a claim foreclosed by circuit

-5-

precedent was patently meritless and so did not provide a basis for federal-question jurisdiction. *Perpetual Sec., Inc.*, 290 F.3d at 138-39.

Because the asserted basis of federal jurisdiction is patently meritless, we vacate the district court's dismissal on *res judicata* grounds and remand to that court for entry of an order dismissing the action for lack of subject-matter jurisdiction. *See Hagans* 415 U.S. at 536-38.

_____