Adrianne REED–GOSS, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security, Defendant—
Appellee.

No. 07–35098.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Sept. 7, 2007.

Paul B. Eaglin, Esq., Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Richard A. Morris, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, Richard L. Pomeroy, Esq., Office of the U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Reed–Goss appeals the district court's partial dismissal of her complaint based on lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir.1980) ("subsequent events can validate a prematurely filed appeal"). We dismiss the appeal.

We review de novo a dismissal for lack of subject matter jurisdiction. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 n. 2 (9th Cir.2004).

An individual may obtain judicial review of a final decision by the Commissioner of Social Security by commencing a civil action within sixty days after the mailing of the notice of decision or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The relevant Notice of Decision was entered on June 4, 2001. Reed–Goss did not timely file a summons and complaint within sixty days of the mailing of that decision.

Reed–Goss argues, however, that the Appeals Council's inadvertent reference to the 2001 hearing in its correspondence constituted a de facto reopening of the case under *Lewis v. Apfel*, 236 F.3d 503 (9th Cir.2001). *Lewis* is distinguishable, however. Here, the Notice of Appeals Council Action specifically disclaims any review on the merits. None of the prior letters sent by the Appeals Council to Reed–Goss, which referred to the wrong hearing date, can be construed as a consideration of Reed–Goss's claims on the merits. Thus, no de facto reopening occurred.

Further, the Commissioner's decision not to reopen is non-reviewable. "Generally, courts do not have jurisdiction to review the Secretary's decision not to reopen a previously adjudicated claim." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir.1990). An exception exists, however, "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir.2001) (citation and quotation marks omitted). Reed–Goss insists that her due process rights are implicated under *Gonzalez*. However, she does not dispute that she had a fair opportunity to be heard with respect to the 2001 hearing decision, and she does not argue that her notice of decision was defective. A review of Reed–Goss's 2001 Notice of Decision reflects that it contained appropriate instructions regarding the time and manner in which Reed–Goss could challenge the decision. Since Reed–Goss does not present a colorable constitutional claim of a violation of her due process right either to be heard or to seek reconsideration of her adverse benefits determination, we do

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

 

not have jurisdiction to review the Commissioner's decision not to reopen.

**APPEAL DISMISSED.**

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.