Ms. Jane Doe S., Plaintiff—Appellant,

v.

**VASHON ISLAND SCHOOL DISTRICT; et al., Defendants— Appellees.**

**No. 06–35869.**

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.[*]

Filed July 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Ms. Jane Doe S. appeals pro se from the district court's order dismissing her "Petition for Review" in this action under the Individuals with Disabilities Education Act ("IDEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 n. 2 (9th Cir.2004), and we affirm.

■ The district court properly concluded that it lacked jurisdiction over Ms. S.'s "Petition for Review" because the Petition

challenges a new administrative decision rendered after judgment in the underlying action and thus Ms. S. was required to bring a new civil action. *See* 20 U.S.C. § 1415(i)(2)(A) (providing that a party may bring a civil action to challenge an administrative decision under the IDEA); Fed. R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court.").

■ To the extent the "Petition for Review" may be construed as a motion for relief from judgment based on newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2), the district court properly denied the motion because it was filed more than one year after entry of judgment. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989) (holding that the district court lacked jurisdiction to consider a Rule 60(b)(2) motion that was not filed within one year of entry of judgment).

The district court did not abuse its discretion by denying Ms. S.'s request for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Ms. S.'s remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.