**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

TESLA MOTORS, INC.; ELON MUSK,

*Petitioners-Appellees*,

v.

CRISTINA BALAN,

*Respondent-Appellant*.

No. 22-16623

D.C. No. 4:21-cv-09325-HSG

OPINION

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted December 5, 2024
San Francisco, California

Filed April 14, 2025

Before: Daniel P. Collins, Lawrence VanDyke, and
Salvador Mendoza, Jr., Circuit Judges.

Opinion by Judge VanDyke

# SUMMARY[*]

## Arbitration Award / Subject Matter Jurisdiction

Vacating the district court's order granting Tesla, Inc. and Elon Musk's petition to confirm an arbitration award, the panel held that the district court lacked subject matter jurisdiction to confirm the award pursuant to *Badgerow v. Walters*, 596 U.S. 1 (2022), which prohibits looking past the face of a petition under 9 U.S.C. § 9 to establish jurisdiction.

The panel held that, because a "look through" approach is prohibited under *Badgerow*, the facts establishing jurisdiction must be present on the face of the petition to confirm an arbitration award. Put differently, the facts establishing that the amount in controversy exceeds $75,000 must be present on the face of a Federal Arbitration Act ("FAA") Section 9 petition to confirm an arbitration award before a district court can assert diversity jurisdiction over the action. That requirement is not satisfied here because, on its face, Tesla's petition to confirm a zero-dollar award cannot support the amount in controversy requirement. Because jurisdictional facts establishing the amount in controversy requirement are not found on the face of the petition, and a court cannot "look through" the petition to the underlying substantive controversy under Section 9, the district court did not have subject matter jurisdiction. The panel rejected Tesla's attempt to characterize this case as an FAA Section 3 case involving a stay.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Accordingly, the panel vacated the order confirming the arbitration award and remanded this action to the district court with instructions to dismiss for lack of jurisdiction.

---

**COUNSEL**

Michael D. Weil (argued) and Roshni C. Kapoor, Morgan Lewis & Bockius LLP, San Francisco, California, for Petitioners-Appellees.

William Moran II (argued) and Arthur P. Hawgood III, Hawgood Hawgood & Moran LLP, Columbia, Maryland, for Respondent-Appellant.

---

**OPINION**

VANDYKE, Circuit Judge:

This case arises out of Appellant Cristina Balan's ("Balan") defamation claims against Appellees Tesla, Inc. ("Tesla") and Elon Musk. After the defamation claim against Tesla was compelled to arbitration, Balan added an additional defamation claim against Musk, and the arbitrator ultimately issued an award in favor of Tesla and Musk. The Appellees later petitioned the district court to confirm the arbitration award, and the court granted the petition. On appeal, Balan argues that the district court lacked subject matter jurisdiction to confirm the award on the ground that the Supreme Court's opinion in *Badgerow v. Walters*, 596 U.S. 1 (2022), prohibits looking past the face of a petition under 9 U.S.C. § 9 to establish jurisdictional facts. We agree.

The order confirming the arbitration award is therefore vacated and this action is remanded to the district court with instructions to dismiss for lack of jurisdiction.

## I.

Cristina Balan is an automotive design engineer who was employed by Tesla. In 2017, the Huffington Post published an article about her. Balan alleges that, after seeing the article, Tesla responded by publishing defamatory statements about her including accusations that she stole company money and resources while she was employed by Tesla. Accordingly, on January 15, 2019, Balan filed a complaint for defamation against Tesla in the United States District Court for the Western District of Washington ("2019 case").

Tesla subsequently filed a motion to compel the 2019 Washington lawsuit to arbitration on the ground that Balan's claim was subject to a mandatory arbitration agreement contained in her employment agreement with Tesla. Tesla further requested that the court "either dismiss or stay [that] action." On June 27, 2019, the Western District of Washington granted in part and denied in part Tesla's motion to compel arbitration.

Following the June 2019 order partially compelling arbitration, Balan submitted an arbitration demand. The arbitration process began on August 9, 2019. The arbitrator later put the proceedings on hold on July 8, 2020, after Tesla appealed the order partially denying its motion to compel arbitration. This court reversed the district court's order on March 22, 2021, holding that the entirety of Balan's defamation claim was arbitrable.

On April 22, 2021, the district court accordingly entered an order that Balan's entire defamation claim was subject to arbitration and, granting Tesla's earlier request, ordered the case dismissed. In the aftermath, Balan amended her arbitration demand, added Elon Musk as a new party to the case, and brought a separate defamation claim against him based on a statement he allegedly made in August 2019 that she considered defamatory.

On August 29, 2021, the arbitrator determined that California law should be applied. Accordingly, Appellees moved to dismiss the defamation claims based on California's one-year statute of limitations since Tesla's statement was made on September 11, 2017, and Musk's on August 7, 2019—both more than a year before claims were filed. On November 3, 2021, the arbitrator granted this motion and issued an award in favor of Tesla and Musk on each of Balan's claims.

On December 20, 2021, Tesla and Musk petitioned the Northern District of California to confirm the award ("2021 case"). The court granted the petition to confirm on September 26, 2022. Balan timely appealed.

## II.

This court has jurisdiction under 28 U.S.C. § 1291 to hear appeals of the final judgments of district courts. "The existence of subject matter jurisdiction is a question of law reviewed de novo." *United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 836 (9th Cir. 2002).

## III.

The district court did not have subject matter jurisdiction to confirm the arbitration award. District courts are courts of limited jurisdiction, and that jurisdiction is defined by

federal statute—subject, of course, to constitutional limitations. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Congress has granted those courts jurisdiction over two main kinds of cases": federal question cases and diversity cases. *Badgerow*, 596 U.S. at 7. District courts typically have federal question jurisdiction if the suit "arises under" federal law. *Negrete v. City of Oakland*, 46 F.4th 811, 819 (9th Cir. 2022), *cert. denied sub nom. Negrete v. City of Oakland, California*, 143 S. Ct. 781 (2023); 28 U.S.C. § 1331. For diversity jurisdiction to attach, the suit must be between citizens of different states, and the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a). In this case, both avenues are dead ends.

## A.

As a threshold matter, it is uncontested by the parties that federal question jurisdiction does not apply, because the Federal Arbitration Act ("FAA") "bestow[s] no federal jurisdiction but rather requir[es]" that parties seeking relief under the FAA establish "an independent jurisdictional basis" for a federal court's jurisdiction. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). In particular, the Supreme Court has made clear that a petitioner seeking to confirm or vacate an arbitration award must have a jurisdictional basis separate from the FAA's "authorization of a petition [which] does not itself create jurisdiction." *Badgerow*, 596 U.S. at 4; *see also Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004) ("[Section] 10 [does not] create federal question jurisdiction even when the underlying arbitration involves a federal question."). This is because an arbitration award "is no more than a contractual resolution of the parties' dispute—a way of settling legal claims." *Badgerow*, 596 U.S. at 9. Thus, for

federal question jurisdiction to attach in a suit brought under the FAA, the complaint must include an averment under federal law *other than* Sections 9 or 10 of the FAA.  *See Badgerow*, 596 U.S. at 7–9.  The application here fails to satisfy this requirement, so Tesla is left to argue that the district court had diversity jurisdiction to confirm the award.

But the Supreme Court's recent decision in *Badgerow v. Walters* controls this case and precludes diversity jurisdiction.  In *Badgerow*, the Court confronted the question whether Sections 9 and 10 of the FAA (governing confirmation and vacatur of arbitration awards, respectively) authorized a court to find jurisdictional facts by "look[ing] through" Section 9 and 10 applications to the "underlying substantive dispute."  *Badgerow*, 596 U.S. at 9.

The answer provided by *Badgerow* is no.  The Court explained that Congress had included express language authorizing a jurisdictional "look-through" approach as to petitions under a different provision of the FAA—Section 4.  *See Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).  But such language is conspicuously absent in Sections 9 and 10 of the FAA.  Thus, because Congress had explicitly provided for a "look through" approach elsewhere in the FAA, but not in Sections 9 and 10, the Court reasoned that Congress did not intend for the "look through" approach to be used with these provisions.  *Badgerow*, 596 U.S. at 11; *see also id.* ("[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, we generally take the choice to be deliberate.") (citation and internal quotation marks omitted).

Because a "look through" approach is prohibited under *Badgerow*, the facts establishing a jurisdictional basis must be present on the face of the application or petition to

confirm an arbitration award. *See id.* at 16–17. Put differently, facts establishing that the amount in controversy exceeds $75,000 must be present on the face of a Section 9 petition to confirm an arbitration award before a district court can assert diversity jurisdiction over the action. *Id.* at 9; *see also Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020).

That requirement is not satisfied in this case. Appellees went to the district court to confirm a zero-dollar award dismissing Balan's libel claims. On its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement. Consequently, because jurisdictional facts establishing the amount in controversy requirement are not found on the face of the petition, and a court cannot "look through" the petition to the underlying substantive controversy under Section 9, we hold that the district court did not have subject matter jurisdiction.

## B.

Tesla does not contest this Section 9 analysis. Rather, Tesla argues that although there may not be jurisdiction under Section 9 of the FAA, there is jurisdiction under Section 3 of the FAA, which governs stays in federal court proceedings during the pendency of an arbitration. In support of its argument, Tesla cites *Smith v. Spizzirri*, 601 U.S. 472 (2024), which held that under Section 3 when "a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss" the case and, instead, must stay the case. *Id.* at 475–76.

Tesla relies on *Spizzirri* because a stay under Section 3 "ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute;" whereas when the court dismisses the suit, "[t]hat return

ticket is not available." *Id.* at 477. Tesla argues that because it asked the district court to "dismiss or stay" the action pursuant to Section 3, under *Spizzirri* the district "court should have stayed the suit," rather than dismissing it. Because the district court did not have authority to dismiss the suit, so Tesla's argument goes, the parties still ought to be allowed to return to court to confirm the award under Section 9—just as a properly entered stay under Section 3 would have allowed them to do.

But Tesla's argument fails because, even if we now know with the hindsight of *Spizzirri* that the district court should have stayed the case, it didn't—the court dismissed it.[1] Tesla never contested the dismissal and never appealed the issue. Because Tesla never appealed the dismissal, even assuming Tesla is correct that the dismissal was error under *Spizzirri*, that unappealed and now-binding judgment was a dismissal, not a stay.

The upshot is that Tesla's attempt to characterize this case as a Section 3 case involving a stay is simply incorrect.

---

[1] Presumably the reason the district court dismissed instead of stayed the case is because Tesla asked the court to dismiss the case. As Tesla acknowledges, its initial request was a disjunctive—a request that the district court *either* "dismiss or stay [the 2019] action." Indeed, Tesla multiple times discarded the disjunctive altogether, directly (and solely) asking "that the [district court] dismiss [the 2019] lawsuit and enforce the Agreement with respect to any surviving claim." So the district court obliged and dismissed the 2019 case. This case therefore does not present what would be the jurisdictional consequence (if any) in a case where the party only asked for a stay and the district court nonetheless dismissed the case. Nor does this case present the question whether "a district court that previously stayed a case [can] retain or extend its subject matter jurisdiction over subsequent Sections 9 and 10 applications." *SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175, 184–86 (4th Cir. 2024).

It is a Section 9 case. It is therefore controlled by *Badgerow*'s instruction that the facts establishing a jurisdictional basis must be present on the face of the petition to confirm the arbitration award. 596 U.S. at 16–17. Here, the face of the petition reflects the zero-dollar arbitration award, far short of the $75,000 amount-in-controversy requirement needed to establish diversity jurisdiction. The district court thus lacked subject matter jurisdiction over this case.

We therefore **VACATE** the order confirming the arbitration award and **REMAND** this action to the district court with instructions to dismiss for lack of jurisdiction.[2]

---

[2] Balan's motion for judicial notice (Dkt. No. 11) and motion to strike (Dkt. No. 50) are **DENIED AS MOOT**. Tesla's motion for judicial notice (Dkt. No. 45) is **GRANTED**.