**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOA KANEALII,<br><br>    Plaintiff-Appellant,<br><br>RYAN MANARA,<br><br>    Proposed Intervenor-Plaintiff -<br>Appellant,<br><br>  v.<br><br>TYLER C. SAITO, et. al.,<br><br>    Defendants - Appellees. | No. 25-728<br>No. 25-2062<br><br>D.C. No.<br>1:23-cv-00276-DKW-KJM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 29, 2026[**]

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Noa Kanealii (Kanealii) appeals pro se the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of his amended complaint for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. §1291. Reviewing de novo, we affirm. *See Stillaguamish Tribe v. Washington*, 913 F.3d 1116, 1118 (9th Cir. 2019).

Proposed Intervenor-Plaintiff-Appellant Ryan ManaRa (ManaRa) appeals pro se the district court's denial of his motion to intervene. Reviewing de novo the denial of a motion to intervene as of right, we affirm. *See United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

**1.** "Congress has granted [district] courts jurisdiction over two main kinds of cases: federal question cases and diversity cases. . . ." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) (citation and internal quotation marks omitted). Federal question jurisdiction exists if the suit "arises under" federal law. *Id.* (citation omitted); *see also* 28 U.S.C. § 1331. Diversity jurisdiction attaches when "the suit [is] between citizens of different states, and the amount in controversy . . . exceed[s] $75,000." *Tesla Motors*, 134 F.4th at 560 (quoting 28 U.S.C. § 1332(a)) (internal quotation marks omitted).

"Because Defendants bring a jurisdictional challenge solely on the basis of [Kanealii's] complaint, we do not look beyond the complaint to determine the district court's jurisdiction. We take as true the facts [he] alleges in his complaint and construe them in the light most favorable to him." *Husayn v. Mitchell*, 142 F.4th 667, 670 (9th Cir. 2025) (citation omitted).

Kanealii failed to respond to Defendant-Appellees' motion to dismiss for lack of subject matter jurisdiction, and the district court granted Defendants-Appellees' motion to dismiss because Kanealii alleged no valid basis for federal question jurisdiction or diversity jurisdiction. Specifically, the district court found that the amended complaint did not state a federal question under the: (1) Supremacy Clause of the United States Constitution; (2) 1849-50 Hawaiian Treaty with the United States; (3) 28 U.S.C. §1350 (Alien Tort Statute (ATS)); (4) 18 U.S.C. §1091 (Genocide Statute); (5) United Nations Convention on the Prevention and Punishment of the Crime of Genocide; or (6) United Nations Convention of the Law of the Sea. *See Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1151 (9th Cir. 2017) (explaining that "federal question" jurisdiction exists "if the complaint, considered in its entirety, on its face . . . present[s] a federal question") (citation omitted).

The district court provided pro se Kanealii notice and an opportunity to amend the first amended complaint prior to dismissal. Rather than filing a second amended complaint, Kanealii elected to appeal. On appeal, Kanealii argues that he is not American for purposes of the ATS because he is a Hawaiian national of the Hawaiian Islands. "The ATS grants to the district courts original jurisdiction of any civil action by [a noncitizen] for a tort only, committed in violation of the law of nations or a treaty of the United States." *Serra v. Lappin*, 600 F.3d 1191, 1197–

98 (9th Cir. 2010) (citation and internal quotation marks omitted). Kanealii's argument that he is a citizen of a foreign sovereign nation is foreclosed by our precedent. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (noting that Hawaii is not a sovereign nation). Because Kanealii is an American citizen and not a citizen of a foreign sovereign nation, the district court committed no error in concluding that it lacked subject-matter jurisdiction over his ATS claim. *See Serra*, 600 F.3d at 1198, 1200.

The district court did not abuse its discretion in dismissing the complaint without prejudice because the amended complaint was insufficient to establish subject matter jurisdiction. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice. . . .") (citations omitted).

**2.** ManaRa asserts that the district court erred by denying his motion to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. However, the district court correctly denied his motion to intervene because it lacked subject-matter jurisdiction, which terminated the proceeding, leaving no case or controversy in which ManaRa could intervene. *See Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 593 (9th Cir. 2023).

**AFFIRMED.**[1]

---

[1] The motions for miscellaneous relief (Dkt. Nos. #9, #10) are denied as moot.